IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01695-BNB

PEDRO NIVAL,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS/EXECUTIVE DIRECTOR TOM
      CLEMENTS, et al.,
CROWLEY COUNTY CORRECTION [sic] FACILITY WARDEN RICHARD SMELSER,
      et al.,
CCCF CLINICAL SERVICES DIRECTOR JUDY BREZINDINE,
CCCF HMO PROVIDER DR. JERE SUTTON,
CCCF N/P LYNN THOMPSON, and
CASE MANAGER TIANA LUCERO,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Pedro Nival, is a prisoner in the custody of the Colorado Department of

Corrections who currently is incarcerated at the Crowley County Correctional Facility in

Olney Springs, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint

pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma*

*pauperis* with payment of an initial partial filing fee.

      The Court must construe Mr. Nival's filings liberally because he is representing

himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nival will

be directed to file an amended complaint.

In the complaint, Mr. Nival asserts nine claims. However, he does not include any facts in support of his claims. For instance, as his first claim, Mr. Nival alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated because he has been deprived of medical treatment. Complaint at 5. However, Mr. Nival does not identify any medical treatment that he requires and has not received, and he does not assert the claim against any named Defendant. Instead, his claim is vague and conclusory. Likewise, Mr. Nival's other claims are void of any supporting factual allegations and are also vague and conclusory. In addition, he supplements the complaint with additional information contained in separate documents, characterized as affidavits or notices, and, as a result, creates a morass of allegations he apparently expects the Court and the defendants to piece together. That is not the defendants' responsibility. Nor is it a judicial function.

The Court finds that Mr. Nival's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Gnivalter Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Nival to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Nivall fails to set forth a short and plain statement of his claims showing he is entitled to relief. It is Mr. Nival's job to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Nival will be directed to file an amended complaint on the Court-approved form that complies with the pleading requirements of Rule 8. In the amended complaint, Mr. Nival must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of insignificant details and legal argument in support of his claims but rather provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home*

*Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Further, Mr. Nival may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Nival, therefore, will be directed to file an amended complaint on the court-approved form that states his claims clearly and concisely, asserts what rights were

4

violated, and alleges specific facts demonstrating the personal involvement of named defendant in the asserted violations. Accordingly, it is

ORDERED that Plaintiff, Pedro Nival, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Nival shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Nival fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of September, 2011.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01695-BNB

Pedro Nival
Prisoner No. 135614
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 14, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
             Deputy Clerk