IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01695-BNB

PEDRO NIVAL,
AURORA NIVAL, Ex Rel, Intervening Third Party with the Power of Attorney,

     Plaintiffs,

v.

TOM CLEMENTS, Executive Director,
RICHARD SMELSER, Warden of CCCF,
JUDY BREZINDINE, CCCF Clinical Services Director,
DR. JERE SUTTON, CCCF HMO Provider,
LYNN THOMPSON, CCCF Nurse Practitioner,
TIANA LUCERO, Case Manager,
LUCY HERNANDEZ, Facility Grievance Officer,
ANTHONY DECESARO, Step III Grievance Officer,
JANE DOE # 1 (SANDY),
JANE # 2 (MARY),
JANE DOE # 3 (CHRISTIE), Nursing Staff,
All in their official and individual capacity, and
JOHN DOE/CORRECTIONAL HEALTH PARTNERS (CCA/DOC MEDICAL
PROVIDERS),

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

     Plaintiff, Pedro Nival, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Crowley County Correctional Facility (CCCF) in Olney Springs, Colorado.  Mr. Nival initiated this action by filing a ***pro se*** prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed ***in forma pauperis*** with payment of an initial partial filing fee.

On September 14, 2011, Magistrate Judge Craig B. Shaffer determined that the prisoner complaint was deficient because it named improper parties and because it failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Shaffer directed Mr. Nival to file an amended prisoner complaint within thirty days. After receiving several extensions of time, Mr. Nival submitted an amended complaint on December 29, 2011.

The Court must construe the amended complaint liberally because Mr. Nival is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se** litigant. **See id.**

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Nival is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

Mr. Nival asserts nine claims in the amended complaint. His claims stem from allegations that he suffers from chronic pain in his feet, knees, hips, and lower back. He asserts that the named Defendants have delayed or denied him access to necessary medical care. Mr. Nival asserts that his rights have been violated under the Fourth, Eighth, and Fourteenth Amendments. As a result, he seeks damages and injunctive relief.

As a preliminary matter, the Court notes that the Amended Complaint seeks to add Aurora Nival, a resident of Pueblo, Colorado, as a Plaintiff to this action. Mr. Nival explains that "the Amended Complaint includes, if permitted, an amendment for another Plaintiff who's [sic] rights are not limited under the P.L.R.A., for which request is made of the Court to recognize, and accept as the vehicle upon which damages shall be sought." Amended Complaint at 3. However, there is no indication in the Amended Complaint that Aurora Nival has suffered an injury with respect to any claim asserted therein because all of the claims relate to Mr. Nival's conditions of confinement. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that she has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. **Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.**, 454 U.S. 464, 472 (1982); **Hackford v. Babbitt**, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Plaintiff Aurora Nival fails to demonstrate any actual or threatened injury as a result of the conditions of Mr. Nival's confinement, she lacks standing to assert claims concerning those conditions. **See Citizens**

***Concerned for Separation of Church & State v. City & County of Denver***, 628 F.2d 1289, 1295-96 (10th Cir. 1980).  Therefore, Aurora Nival will be dismissed as a party to this action.

In addition, in Claim One Mr. Nival is suing Defendants Executive Director Tom Clements and Warden Richard Smelser because these Defendants allegedly are responsible for the constitutional violations committed by other individuals or because these Defendants hold supervisory positions.  Mr. Nival asserts that he notified Defendants Clements and Smelser of constitutional violations committed by defendants under their supervision by sending letters to them.  However, these allegations fail to establish the personal participation of Defendants Clements and Smelser.

Mr. Nival was previously warned by Magistrate Judge Shaffer that personal participation is an essential allegation in a civil rights action.  ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of ***respondeat superior***.  ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  ***Fogarty v. Gallegos***, 523 F.3d 1147, 1162 (10th Cir. 2008).  Moreover, the Tenth Circuit has held that receiving correspondence from an inmate does not demonstrate the personal

participation required to trigger personal liability under § 1983. ***Davis v. Ark. Vally Corr. Facility***, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation). Mr. Nival has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Therefore, Defendants Tom Clements and Richard Smelser are improper parties to this action, and they will be dismissed. Because Claim One is only asserted against these Defendants, Claim One will also be dismissed.

In Claims Five, Six, and Seven, Mr. Nival is suing Defendants Tiana Lucero, Lucy Hernandez, and Anthony DeCesaro, respectively, because they allegedly denied administrative grievances filed by Mr. Nival. ***See*** Amended Complaint at 9-11. However, these allegations fail to establish the personal participation of Defendants Lucero, Hernandez, and DeCesaro. The Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. ***Whitington v. Ortiz***, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting ***Larson v. Meek***, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Nival has again failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Nival fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Tiana Lucero, Lucy Hernandez, and Anthony DeCesaro are improper parties to the

action and will be dismissed.  Claims Five, Six, and Seven will also be dismissed.

Finally, in Claim Nine, Mr. Nival is suing Defendant Correctional Health Partners, a private contractor and medical services provider for the DOC.  The established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations like this Defendant.  **See, e.g., Dubbs v. Head Start, Inc.**, 336 F.3d 1194, 1216 (10th Cir. 2003) (finding that "[a]lthough the Supreme Court's interpretation of § 1983 in **Monell** applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended the **Monell** doctrine to private § 1983 defendants.").  According to the principles of municipal liability, a private actor such as Correctional Health Partners "cannot be held liable solely because it employs a tortfeasor - or, in other words . . . cannot be held liable under § 1983 on a **respondeat superior** theory."  **Monell v. Dep't of Social Servs.**, 436 U.S. 658, 691 (1978).  In order to hold a private actor liable for the alleged constitutional violations of its agents, a plaintiff must show that the private actor directly caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violation.  **Smedley v. Corr. Corp. of Am.**, 175 Fed. Appx. 943, 944 (10th Cir. Dec. 20, 2005) (unpublished opinion).  "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights."  **Bd. of County Com'rs. v. Brown**, 520 U.S. 397, 404 (1997).

Here, Mr. Nival fails to specifically identify an "official municipal policy of some

nature" that was the "moving force" behind the constitutional violations he alleges. ***Smedley***, 175 Fed. Appx. at 944.  Mr. Nival argues that "corporate policy and/or administrative policy may not undermine the need for qualified medical personnel to prescribe and order appropriate treatment."  Amended Complaint at 13.  However, his vague and conclusory allegations are insufficient to establish "a causal link between the municipal action and the deprivation of federal rights."  ***Brown***, 520 U.S. at 404. Therefore, Defendant Correctional Health Partners is not a proper party to this action and will be dismissed.  Claim Nine will also be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Nival's remaining claims (Claims Two, Three, Four, and Eight) do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  ***See*** D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Plaintiff Aurora Nival is dismissed as a party to this action for lack of standing.  It is

FURTHER ORDERED that Defendants Tom Clements, Richard Smelser, Tiana Lucero, Lucy Hernandez, Anthony DeCesaro and John Doe/Correctional Health Partners are dismissed as parties to this action for lack of personal participation.  It is

FURTHER ORDERED that Claims One, Five, Six, Seven and Nine are dismissed for the reasons set forth above.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this   10th   day of   January  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court