IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01695-DME-MEH

PEDRO NIVAL,

    Plaintiff,

v.

DR. JERE SUTTON, CCCF HMO Provider,
JUDY BREZENDINE, CCCF Clinical Services Director,
LYNN THOMPSON, CCCF Nurse Practitioner,
JANE DOE #1 (SANDY), JANE DOE #2 (MARY), and JANE DOE #3 (CHRISTIE), NURSING STAFF, all in their official and individual capacities,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Defendant Sutton's Motion to Strike or in the Alternative Enter Doc. 37 - Plaintiff's Tendered but Not Entered Second Amended Complaint [filed May 9, 2012; docket #61] is **granted in part** and **denied in part** as follows. Because the relief granted benefits both Plaintiff and the remaining Defendants, the Court decides the Motion without additional briefing.

**I.    Background**

Plaintiff initiated this action *pro se* on June 29, 2011, asserting nine claims against six named defendants. (Docket #1.) Magistrate Judge Shaffer reviewed the original complaint and ordered Plaintiff to file an amended complaint on or before August 5, 2011. (Docket #13.) After receiving two extensions of time [dockets ##23, 24], Plaintiff filed a first amended complaint on December 29, 2011, adding a plaintiff (Aurora Nival) and several additional defendants. (Docket #27.) On January 10, 2012, Judge Babcock issued an order dismissing the additional plaintiff and several

claims and defendants. (Docket #28.) Although Judge Babcock did not grant Plaintiff leave to amend, Plaintiff attempted to conform his pleadings Judge Babcock's order by submitting a second amended complaint on February 7, 2012. (Docket #37.) In particular, Plaintiff represented that the second amended complaint "[was] edited and it excludes the dismissed defendants per Order of the Court...[and] no other significant changes were made..." (Docket #37 at 1.) The Clerk of the Court correctly designated the document as tendered.

On March 16, 2012, Defendants Judy Brezendine, Lynn Thompson, Sandy Vasquez, Mary Cardanes, and Christie Rusher (the "CCCF Defendants") filed an answer linked to docket #37, Plaintiff's second amended complaint. (Docket #48.) Defendant Sutton also filed an answer, but linked the document to docket #27, Plaintiff's first amended complaint. (Docket #54.)

Recognizing the apparent confusion created by the tendered second amended complaint, Defendant Sutton filed the present motion asking the Court to strike docket #37, or in the alternative, to enter the document as the operative pleading. (Docket #61.) The Court finds that justice and judicial efficiency are promoted by the latter request. According to the Court's April 10, 2012 Scheduling Order, Plaintiff has until May 24, 2012, to file an amended complaint. (Docket #53.) Therefore, the Court directs the Clerk of the Court to accept Plaintiff's second amended complaint [docket #37] as filed.

**II.     Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed,

unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Because Plaintiff submitted his second amended complaint months before the deadline for amendment of pleadings, the Court finds that it is not unduly delayed. Moreover, because the CCCF Defendants have already filed an answer to the second amended complaint, accepting the document as filed would not prejudice the CCCF Defendants in any material way. Finally, because Plaintiff represents that the second amended complaint conforms to Judge Babcock's order of partial dismissal, the Court finds that amendment would not be futile. In sum, the Court finds that justice requires leave to amend.

### III.   Conclusion

For the reasons stated above, Defendant Sutton's Motion to Strike or in the Alternative Enter Doc. 37 - Plaintiff's Tendered but Not Entered Second Amended Complaint [filed May 9, 2012; docket #61] is **granted in part** and **denied in part**. The Clerk of the Court is directed to enter Plaintiff's Amended Prisoner Complaint [docket #37] as filed. Defendant Sutton shall respond to the Plaintiff's Amended Prisoner Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 11th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge