IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01695-DME-MEH

PEDRO NIVAL,

　　　　Plaintiff,

v.

DR. JERE SUTTON, CCCF HMO Provider,
JUDY BREZENDINE, CCCF Clinical Services Director,
LYNN THOMPSON, CCCF Nurse Practitioner,
JANE DOE #1 (SANDY), JANE DOE #2 (MARY), and JANE DOE #3 (CHRISTIE), NURSING
STAFF, all in their official and individual capacities,

　　　　Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction [filed April 24,

2012; docket #55].  Though the Court initially denied the Motion without prejudice due to Plaintiff's

failure to comply with federal and local rules [docket #57], the Court granted Plaintiff's motion to

reconsider the merits upon a showing by Plaintiff that service had been timely effected. (*See* dockets

##63, 68.)  The matter is now fully briefed, and the Court has determined that oral argument would

not materially advance its adjudication of Plaintiff's Motion.  For the reasons that follow, the Court

recommends Plaintiff's Motion be **denied**.

**I.　　Background**

Plaintiff initiated this action *pro se* on June 29, 2011, asserting nine claims against six named

defendants.  (Docket #1.)  Magistrate Judge Shaffer reviewed the original complaint and ordered

Plaintiff to file an amended complaint on or before August 5, 2011.  (Docket #13.)  After receiving

two extensions of time [dockets ##23, 24], Plaintiff filed a first amended complaint on December

29, 2011, adding a plaintiff (Aurora Nival) and several additional defendants.  (Docket #27.)   On

January 10, 2012, Judge Babcock issued an order dismissing the additional plaintiff and several

claims and defendants.  (Docket #28.)  Although Judge Babcock did not grant Plaintiff leave to

amend, Plaintiff attempted to conform his pleadings Judge Babcock's order by submitting a second

amended complaint on February 7, 2012.  (Docket #37.)  In particular, Plaintiff represented that the

second amended complaint "[was] edited and it excludes the dismissed defendants per Order of the

Court...[and] no other significant changes were made..." (Docket #37 at 1.)  The Clerk of the Court

correctly designated the document as tendered.  Upon motion by Defendant Sutton, the Court

entered an order directing the Clerk of the Court to accept Plaintiff's second amended complaint

[docket #37] as filed.  (Docket #65.)  Accordingly, the Court relies on Plaintiff's second amended

complaint (hereinafter "Complaint") as the operative pleading.

Plaintiff's Complaint asserts four causes of action against Defendants Sutton, Brezendine,

and Thompson, as well as three nurses identified only by their first names.  (Docket #37.)  Plaintiff

alleges that Defendants, acting in various capacities, violated his Eighth and Fourteenth Amendment

rights by denying him access to sufficient medical treatment for an apparent foot condition. (*Id*. at

3-7.)  Plaintiff's Complaint requests compensatory and punitive damages, and injunctive relief in

the form of "a diagnosis by a professional/specialist in the field of podiatry that will be recognized

as a Certificate of Review, and authorization/approval to pursue treatment/care as proscribed (sic)

by that professional." (Docket #37 at 7.)

On April 24, 2012, Plaintiff filed the instant Motion for Preliminary Injunction.  Through

his Motion, Plaintiff asks the Court to order Defendants to "provide [him] an opportunity to have

his medical issue evaluated by...a [p]odiatrist." (Docket #55 at 4.)  Plaintiff also recites verbatim

the request for injunctive relief set forth in his Complaint. (*Id.*)

Defendants Judy Brezendine, Lynn Thompson, Sandy Vasquez (Jane Doe #1 "Sandy"), Mary

Cardanes (Jane Doe #2 "Mary"), and Christi Rusher (Jane Doe #3 "Christie) (collectively the

"Clinic Defendants") filed a response to Plaintiff's Motion on May 23, 2012.  They argue that

Plaintiff is, in fact, seeking a mandatory injunction, and that he has not satisfied the higher standard

of proof required for this form of relief.  Defendant Dr. Jere Sutton also filed a response to Plaintiff's

Motion.  In addition to reiterating arguments raised by the Clinic Defendants, Dr. Sutton contends

that Plaintiff is not seeking to prevent imminent harm, but rather is attempting to gain free expert

testimony in support of his pending claims.  In his reply, Plaintiff contends that his physical pain

continues to worsen, and that the examination he requests would preserve his physical "status quo."

(Docket #76, 1.)  Plaintiff characterizes the examination as prohibitory injunctive relief insofar as

"it prohibits the continued denial of elective procedure based on expense." (*Id.* at 3.)

## II.    Discussion

A preliminary injunction is an extraordinary remedy that should be granted only when the

moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,*

427 F.3d 1253, 1258 (10th Cir. 2005).  In the Tenth Circuit[1], a party requesting a preliminary

injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction

issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the

---

[1]Plaintiff's Motion cites the Seventh Circuit's standard for a preliminary injunction; however, this Court sits in the Tenth Circuit and will therefore apply Tenth Circuit precedent where available.

opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).  Furthermore,

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier,* 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

With respect to medical treatment, the Tenth Circuit has recognized that an order directing prison officials to send an inmate to a medical specialist constitutes a mandatory injunction which alters the status quo. *See Tuttamore v. Lappin*, 429 F. App'x 687, 691-92, (10th Cir. 2011).  The plaintiff in *Tuttamore* complained of persistent pain in his left testicle, and moved for a preliminary injunction allowing him to seen by a urologist. *Id*. at 92.  Although the plaintiff had not been seen by a specialist, medical personnel met with him frequently and opined that his condition was not serious, was improving, and would resolve itself.   In light of these facts, the court found that the plaintiff had not made a heightened showing that he would suffer irreparable injury if no preliminary injunction issued, or that his threatened injuries outweighed the potential burden on defendants.  On

4

these grounds, the Tenth Circuit affirmed the district court's denial of preliminary injunctive relief.

In this case, like *Tuttamore*, Plaintiff seeks an order from the Court requiring prison officials to provide him with access to a medical specialist. Despite Plaintiff's attempt to recast this relief in the negative, the Court finds that granting Plaintiff's request would necessitate affirmative activity on the part of Defendants. *See Tuttamore*, 429 F. App'x at 692. Because Plaintiff seeks a mandatory preliminary injunction, he must make a heightened showing of the four factors the Court traditionally considers in determining whether a preliminary injunction is appropriate. *Id.*

With respect to the first factor, the Court finds Plaintiff has not clearly established that he will suffer irreparable injury unless the present injunction issues. Plaintiff has received ongoing medical attention for his reported foot problems, including "numerous exams by CCCF medical professionals." (Docket #76 at 2.) These professionals have performed multiple x-rays and visual examinations of Plaintiff's foot and have determined that Plaintiff does not require additional treatment. (*Id.* at 2-3.) Though Plaintiff has not been diagnosed with an injury, he continues to receive medication for his pain. (Docket #55 at 1.) Like the Court in *Tuttamore*, the Court finds that Plaintiff's reported pain is not sufficient to show irreparable injury where Plaintiff has been repeatedly examined by medical professionals who have determined, in their professional judgment, that Plaintiff's foot is not physically injured.

Plaintiff's disagreement with medical professionals is also insufficient to succeed on his underlying Eighth Amendment claims. As the Tenth Circuit established in *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir 1993), a difference of opinion between a prisoner and prison medical staff regarding the treatment or diagnosis of a medical condition does not constitute deliberate

indifference. "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).

In *Self*, the Tenth Circuit held that the "subjective component [of an Eighth Amendment claim] is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his medical judgment." *Id.* at 1232. "[D]ecisions as to whether to consult a specialist or undertake additional medical testing" have traditionally fallen into this category. *Id*. Unless the need for additional medical treatment or a referral is obvious, a defendant's failure to provide these services is not actionable. *Id.* "Obviousness" may arise in cases where (1) a medical professional is aware of his inability to provide adequate treatment but delays or refuses to provide a referral; (2) a medical professional fails to treat a medical condition so obvious that even a layman would recognize it; or (3) a medical professional completely denies care despite recognizable symptoms which potentially create a medical emergency. *Id.*

While Plaintiff concedes that Defendants have provided him with some degree of medical attention, he argues that Defendants should refer him to a podiatrist for additional treatment. As noted above, decisions of this nature traditionally fall within the scope of a physician's medical judgment and are, therefore, not actionable under the Eighth Amendment absent a showing of obviousness. *See Self*, 439 F.3d at 1232. Here, Plaintiff has not demonstrated that Defendants are unable to treat his condition or that Defendants "completely denied him care" in the face of emergency-like symptoms. Plaintiff has also failed to demonstrate that his actual medical condition is so obvious that even a lay person could have recognized it. To the contrary, several medical professionals have visually examined Plaintiff's foot, taken x-rays, and determined that a specialist

is not necessary.  With nothing more than Plaintiff's subjective experience of pain, the Court does

not find that Plaintiff has demonstrated a likelihood of success on the merits.

In light of Plaintiff's failure to demonstrate imminent and irreparable injury or a likelihood

of success on the merits, the Court finds that Plaintiff has not met the high burden of proof required

to obtain the extraordinary relief he seeks.

### III.    Conclusion

Based on the foregoing, and the entire record herein, I do respectfully RECOMMEND that

Plaintiff's Motion for Preliminary Injunction [filed April 24, 2012; docket #55] be **DENIED**.

Dated at Denver, Colorado, this 17th day of July, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge