IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01695-DME-MEH

PEDRO NIVAL,

    Plaintiff,

v.

DR. JERE SUTTON, CCCF HMO Provider,
JUDY BREZENDINE, CCCF Clinical Services Director,
LYNN THOMPSON, CCCF Nurse Practitioner,
JANE DOE #1 (SANDY), JANE DOE #2 (MARY), and JANE DOE #3 (CHRISTIE), NURSING STAFF, all in their official and individual capacities,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 31, 2012.**

    Pending before the Court is Plaintiff's "Reconsideration of Plaintiff's Request for Enlargement of Time" [filed July 25, 2012; docket #86] which the Court construes as motion to reconsider the Court's July 11, 2012 minute order denying Plaintiff's motion to amend the scheduling order to extend the deadline for amendment of pleadings [docket #83].

    As described in detail in the Court's July 11, 2012 minute order, Plaintiff requested and received a 25-day extension of the deadline for amendment of pleadings. (Docket #72.) Though Plaintiff represented that he would be able to "perfect" his second amended complaint by June 19, 2012, he has yet to file a proposed amended pleading with the Court. Indeed, Plaintiff's motion for leave to amend was denied without prejudice for this reason. (*See* dockets ##77, 79.)

    Several weeks after the Court denied Plaintiff's motion for leave to amend, Plaintiff sought to extend the deadline for amendment of pleadings by an additional 75 days. (Docket #81.) The Court denied Plaintiff's motion, finding that he had not provided good cause to amend the scheduling order as requested.

    Plaintiff filed the instant motion on July 25, 2012, asking the Court to reconsider its denial of the extension described above. Plaintiff represents that he misunderstood the Court's instructions regarding the need to file a proposed amended pleading in conjunction with his motion for leave to amend. Additionally, Plaintiff provides some indication of the claims and defendants he would like to add if given the opportunity to do so. Finally, Plaintiff asks the Court to recognize his diligence in prosecuting this action despite his lack of legal training.

Given Plaintiff's apparent misunderstanding of the appropriate protocol for amending his pleadings, the Court **grants in part** and **denies in part** his motion to reconsider. Though the Court declines to amend the Scheduling Order as initially requested, the Court does find good cause for a moderate extension of the deadline for amendment of pleadings, through an including **August 8, 2012**. Plaintiff is reminded that nothing in this minute order confers leave to amend pursuant to Fed. R. Civ. P. 15(a). Plaintiff is further reminded that any motion for leave to amend must include the proposed amended pleading in its entirety. The Court will not entertain any further motions to extend the deadline described herein absent a showing of exceptional cause.