# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01695-DME-MEH

PEDRO NIVAL,

        Plaintiff,

v.

DR. JERE SUTTON, CCF HMO Provider,
JUDY BREZENDINE, CCCF Clinical Services Director,
LYNN THOMPSON, CCF Nurse Practitioner,
JANE DOE #1 (SANDY), JANE DOE #2 (MARY), and JANE DOE  #3 (CHRISTIE),
NURSING STAFF, in their official and individual capacities,

        Defendants.

---

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

---

Plaintiff Pedro Nival is a prisoner at the Crowley County Correctional Facility ("CCCF").  He initiated a pro se civil action against medical practitioners at CCCF (collectively, "Defendants"), alleging violations of his constitutional rights in relation to the treatment of his foot problems.  The operative pleading ("Second Amended Complaint") (Doc. 37) asserts four causes of action under the Eighth and Fourteenth Amendments against six Defendants in their official and individual capacities. Dr. Jere Sutton is a Defendant in this matter ("Defendant Sutton").  The other Defendants include five employees of the CCCF (collectively, "CCCF Defendants")—Judy Brezendine, CCF

Clinical Services Director; Lynn Thompson, CCCF Nurse Practitioner; and three Jane Doe nurses, identified by their first names: Sandy, Mary, and Christie.[1]

This matter is before the Court on two motions for summary judgment ("Summary Judgment Motions") filed by Defendant Sutton (Doc. 93) and the CCFC Defendants (Doc. 94). This Court referred these motions to Magistrate Judge Michael E. Hegarty. After reviewing the matter, the Magistrate Judge recommended that the Court grant both Summary Judgment Motions ("Recommendation"). (Doc. 114.) After carefully considering Plaintiff's objections and thoroughly reviewing this matter, the Court ADOPTS the Magistrate Judge's well-reasoned Recommendation, and GRANTS the Defendants' Summary Judgment Motions.

## ANALYSIS

This Order will first address two nondispositive matters: Plaintiff's "Objection to the Limitation of Time Motion for a More Definite Statement" (Doc. 103) and "Request to Supplement Objection to Docket #114" (Doc. 118). The Order will then discuss Defendants' Summary Judgment Motions.

**I.    This Court Denies Plaintiff's "Objection to the Limitation of Time Motion for a More Definite Statement"**

---

[1] Subsequently, the pleadings refer to the Jane Doe nurses as "Sandy Vasquez," "Mary Cardanes," and "Christi Rusher." Plaintiff states in his Second Objection that Mary Cardanes is not a properly named defendant and asks that the third nurse again be referred to as Jane Doe Nurse #2 (Mary).

When a Magistrate Judge rules on nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. Plaintiff has timely filed objections to the Magistrate Judge's ruling partially granting Plaintiff's request for an extension of time to respond to Defendants' Summary Judgment Motions.

As background, after Defendants filed their Summary Judgment Motions, Plaintiff filed a motion entitled "Challenge Defendants [sic] Motion for Summary Judgement [sic] Request for Enlargement of Time" ("Request for Enlargement of Time"). (Doc. 99.) In this filing, Plaintiff requested a sixty-three-day extension of the time to file a response to Defendants' Summary Judgment Motions. This Court referred the matter to the Magistrate Judge, who granted a "modest extension, through and including October 9, 2012." (Doc. 102.)

In response, Plaintiff filed a motion entitled "Objection to the Limitation of Time Motion for a More Definite Statement" ("Objection to the Limitation"). (Doc. 103.) Among other things, Plaintiff argued that he should receive a further extension of time. Because the Magistrate Judge's decision to grant a "modest extension" rather than the

full extension requested by Plaintiff was not clearly erroneous or contrary to law, this Court now DENIES the Objection to the Limitation.[2]

## II. The Court Grants in Part Plaintiff's "Request to Supplement Objection to Docket #114"

Under Fed. R. Civ. P. 72(b)(2), parties have fourteen days after service of the recommended disposition to file any written objections to the proposed findings and recommendation of the magistrate judge.  In this case, Plaintiff filed a "Request for Enlargement of Time," asking for an additional twenty days to file his objections.  (Doc. 115.)  This Court referred the matter to the Magistrate Judge, who granted the request for an extension, but limited the extended deadline for filing to December 13, 2012.  (Doc. 117.)

Subsequently, Plaintiff submitted the following filings: a document captioned "Plaintiff's Request to Supplement Objection to Docket #114" ("Request to Supplement") (Doc. 118), two filings each captioned "Plaintiff's Objection to Recommendation of United States Magistrate Judge Docket #114" ("First Objection"

---

[2]     In this filing, Plaintiff also requests information regarding one of the Defendant Jane Doe nurses, as well as information regarding an item listed as an exhibit to Plaintiff's deposition. Because the Court now grants the Defendants Summary Judgment Motions, a request for further information regarding the Jane Doe nurse is moot. Additionally, the exhibit for which Plaintiff seeks clarification is listed as an exhibit to the deposition transcript rather than the summary judgment motion, and in any event, Plaintiff has already been provided with a copy of the exhibit in question. Thus, in addition to the request for additional time, the Court DENIES the Objection to Limitation in all other respects.

(Doc. 119) and "Second Objection" (Doc. 120)), and a final filing captioned "Supplement to Plaintiff's Objection to Docket #114" ("Supplement to Objection") (Doc. 126).

In his Request to Supplement, Plaintiff renewed his request for a twenty-day extension and also asked that he be allowed to supplement his objections to the Recommendation. It is not clear to what Plaintiff refers in his Request to Supplement because at the time that he filed this document, he had not yet submitted any objection. But the Certificate of Service on the First Objection indicates that it was mailed the day after the Request to Supplement Objection; thus, it seems that the Plaintiff wished to be allowed to supplement his First Objection with the Second Objection that he later filed.

The Court will treat the First and Second Objections as timely filed and will consider them both.  Under "[t]he prison mailbox rule . . . a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."  Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005).  The Tenth Circuit has "also applied the prison mailbox rule to a prison inmate's objections to a magistrate's report in a civil rights case."  Id. at 1164 n.4.  In this case, the First Objection states that it was executed and mailed on November 29, 2012, and it was received and filed by the court clerk on December 17, 2012.  The Second Objection  states that it was executed on December 13, 2012, and was received and filed on December 18, 2012.[3]

---

[3] The Certificate of Service of the Second Objection states, apparently incorrectly, that the document was mailed on August 8, 2012, but because Plaintiff executed the

On the other hand, unlike the First and Second Objection, Plaintiff submitted his Supplement to Objection well after the deadline for filing objections had passed. This filing was executed and mailed on February 13, 2013, and the deadline for filing objections expired on December 13, 2012.[4] Thus, the Request to Supplement was not timely.

Accordingly, the Court now GRANTS IN PART the Request to Supplement, in that the Court will consider both the First and Second Objections submitted by Plaintiff, but the Court DENIES the motion in all other respects, including the request for additional time beyond that authorized by the Magistrate Judge.[5] Moreover, the Court will not consider Plaintiff's untimely Supplement to Objection.

### III.    This Court Grants the Defendants' Summary Judgment Motions

When, as here, a party files an objection to the recommendation of a magistrate judge, the district court "must determine de novo any part of the magistrate judge's

---

document on December 13, 2012 and Defendants do not argue that it was filed untimely, this Order treats the Second Objection as timely filed.

[4] Plaintiff attaches to the filing exhibits that he claims were previously unavailable. Specifically, he attaches an Ambulatory Health Report that he referred to in the First and Second Objection.

[5] Although Plaintiff requested a twenty-day extension to file his objections in his Request to Supplement, the Magistrate Judge had not yet ruled on his "Request for Enlargement of Time" at the time of Plaintiff's filing, and the Magistrate Judge subsequently granted that motion insofar that it extended the filing deadline to December 13, 2012. Moreover, Plaintiff submitted two documents containing written objections that the Court will consider timely filed. Thus, the Court will not grant Plaintiff any additional time beyond the extension previously granted by the Magistrate Judge.

6

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord

Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is

statutorily and constitutionally required when written objections to a magistrate's report

are timely filed with the district court."). After considering the objections, "[t]he district

judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P.

72(b)(3). Having considered the Plaintiff's First and Second Objections, this court

DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Recommendation, and

GRANTS the Defendants' Summary Judgment Motions.

As mentioned previously, Plaintiff has filed objections to the Recommendation of

the Magistrate Judge. First, he argues that the Magistrate Judge should have treated his

Second Amended Complaint as an affidavit for summary judgment purposes. Second, he

makes various arguments as to why the Court should not grant summary judgment to the

Defendants.[6]

---

[6] Plaintiff also argues that he needs a further opportunity to develop his evidence in this
case. Plaintiff had an adequate opportunity to develop evidence during the discovery
period, which the Magistrate Judge extended at Plaintiff's request. Moreover, in
responding to the Defendants' Summary Judgment Motions, Plaintiff did not claim then
that he needed more time in order to depose Defendants, obtain expert testimony
regarding his condition, or similarly develop his evidence. Thus, the Court will not
consider any arguments in the First and Second Objections related to Plaintiff's desire to
further develop the evidence.

## A.  This Court will Treat the Second Amended Complaint as an Affidavit

The Magistrate Judge declined to treat Plaintiff's Second Amended Complaint

(Doc. 37) as an affidavit for purposes of summary judgment because Plaintiff did not

execute the declaration on the document; therefore, the filing did not meet the

requirements of an affidavit under Fed. R. Civ. P. 56.  See Adams v. Dyer, 223 F. App'x

757, 764 n.7 (10th Cir. 2007) (unpublished opinion) (explaining that "a verified

complaint may be treated as an affidavit for purposes of summary judgment if it satisfies

the standards for affidavits set out in Rule 56(e)" (internal quotation marks omitted)).  In

response, Plaintiff alleges that he intended to execute the filing and submit it under

declaration of perjury and therefore asks the Court to treat his Second Amended

Complaint as an affidavit or allow him to submit a supplemental filing to correct the

defect.

In this case, the Magistrate Judge entered an order directing the court clerk to

accept the Second Amended Complaint as filed.  (Doc. 65.)  And the Second Amended

Complaint states that "[t]he following Amended Prisoner Complaint is edited and it

excludes the dismissed defendants per the Order of the Court . . ., no other significant

changes were made to this document."  (Doc. 37.)  Plaintiff's First Amended Complaint

(Doc. 27), which is superseded by the Second Amended Complaint at issue, is nearly

identical to the Second Amended Complaint except for deletions regarding the dismissed

defendants, and the First Amended Complaint was properly executed.  Accordingly,

8

under these circumstances, the Court will consider the Second Amended Complaint as an affidavit.[7]

Under Rule 56(c)(4) of the Federal Rules of Civil Procedure, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Reviewing Plaintiff's Second Amended Complaint as an affidavit under this standard, along with Plaintiff's objections to the Recommendation of the Magistrate Judge, this Court concludes that Plaintiff has not established any genuine issue of <u>material fact</u> as to whether it is proper to grant summary judgment to the Defendants.

**B. This Court Grants Defendants' Summary Judgment Motions because Plaintiff has Not Established a Genuine Issue of Material Fact that Would Preclude Summary Judgment on His Claims**

As mentioned previously, Defendant Sutton and the CFCC Defendants both filed motions for summary judgment. The Magistrate Judge recommends granting summary judgment for the Defendants on the Eighth Amendment claims on three bases: First, Plaintiff has failed to demonstrate any material fact as to whether he properly exhausted

---

[7] Defendant Sutton argued in his motion for summary judgment that the Second Amended Complaint should not be treated as an affidavit because it was not properly executed, and in response, Plaintiff did not seek leave to correct the defect at that time. Accordingly, Defendant Sutton argues that Plaintiff has waived the argument that his Second Amended Complaint should be treated as an affidavit. But because the Second Amended Complaint is nearly identical to the First Amended Complaint, as explained above, and because accepting the Second Amended Complaint as an affidavit does not affect the outcome, the Court will treat the Second Amended Complaint as an affidavit.

his claims against Defendant Sutton under the Prison Litigation Reform Act ("PLRA"), which requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in federal court.  See 42 U.S.C. § 1997e(a).  Second Plaintiff has failed to demonstrate the personal participation of any of the CCFC Defendants, other than Defendant Thompson, as required by the case law of the U.S. Supreme Court and the Tenth Circuit. See, e.g., Kentucky v. Graham, 473 U.S. 159, 166 (1985) (explaining that a plaintiff seeking to prove personal liability in a §1983 action must demonstrate "that the official, acting under color of state law, caused the deprivation of a federal right." (emphasis added)).  Third, as to Defendant Thompson, the district court concluded that Plaintiff failed to establish issues of fact demonstrating that Defendant Thompson "knew [Plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." See Callahan v. Poppell, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted).

As to Plaintiff's Fourteenth Amendment claims, the Magistrate Judge notes that Plaintiff does not respond to the CFCC Defendants' argument that he cannot state a separate Fourteenth Amendment claim, but in any event, the Magistrate Judge concluded that "in this context, the due process clause of the Fourteenth Amendment would provide the Plaintiff no greater protection than the Eighth Amendment, under which Plaintiff's claims clearly arise." (Doc. 114 at 25.) See, e.g., Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir. 1995)).

Among other things, Plaintiff contends that he exhausted his administrative remedies,[8] and that Defendants all personally participated in causing the injury by failing to procure a proper diagnosis, conduct adequate investigations of his condition, and sufficiently provide adequate care.[9]  Although Plaintiff has not demonstrated that there is a genuine issue of material fact regarding these issues, even if Plaintiff had exhausted his administrative remedies and all of the Defendants had personally participated in the alleged constitutional violation, summary judgment would still be appropriate for the Defendants because Plaintiff has not demonstrated a dispute of material fact regarding whether any of the Defendants acted with the requisite deliberate indifference.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." Callahan, 471 F.3d at 1159 (internal quotation marks omitted).  "Deliberate indifference

---

[8] Even though Plaintiff appears to acknowledge that his efforts did not qualify as exhausting his administrative remedies, he argues that he tried in good faith to comply with the administrative requirements and indicates that prison officials acted unreasonably in responding to his grievances. But he does not establish a dispute of material fact in this regard—he does not report which specific acts of prison officials were unreasonable or put forth facts showing that prison officials unfairly prevented him from utilizing the prison grievance process.

[9] As the Magistrate Judge points out, Plaintiff emphasizes repeatedly in his filings that Defendants violated their collective responsibility to provide him with adequate care by procuring medical shoes and a referral to a podiatrist. But Plaintiff also references specific acts by the Defendants that he claims resulted in his injury (such as the medical evaluation by each Defendant Nurse and Defendant Brezendine's denial of his administrative grievances).  Nonetheless, he does not show how any specific act committed by a CCCF Defendant was the cause of his inability to get medical shoes or an evaluation by a podiatrist.

has objective and subjective components." Id.  Under the objective prong, the harm

suffered must be sufficiently serious.  See id.  Under the subjective prong, "the prisoner

must show that the defendants knew he faced a substantial risk of harm and disregarded

that risk, by failing to take reasonable measures to abate it." Id. (internal quotation marks

omitted).  "The subjective component is akin to recklessness in the criminal law, where,

to act recklessly, a person must consciously disregard a substantial risk of serious harm."

Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006).

Under this standard, "inadvertent failure to provide adequate medical care is not

enough, nor does a complaint that a physician has been negligent in diagnosing or

treating a medical condition . . . state a valid claim of medical mistreatment under the

Eighth Amendment." Id. (internal quotation marks omitted).  Instead, "the [prison]

official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Id. (internal

quotation marks omitted).  Accordingly, "the negligent failure to provide adequate

medical care, even one constituting medical malpractice, does not give rise to a

constitutional violation." Id. at 1233 (internal quotation marks omitted).  Indeed, "[s]o

long as a medical professional provides a level of care consistent with the symptoms

presented by the inmate, absent evidence of actual knowledge or recklessness, the

requisite state of mind cannot be met." Id.

Importantly, "a prisoner who merely disagrees with a diagnosis or a prescribed

course of treatment does not state a constitutional violation." Id. (internal quotation

12

marks omitted).  Accordingly, "the subjective component is not satisfied, absent an

extraordinary degree of neglect, where a doctor merely exercises his considered medical

judgment." Id. at 1232,  see also Callahan, 471 F.3d at 1160 (citing Dulany v. Carnahan,

132 F.3d 1234, 1240 (8th Cir.1997) ("[A] prison doctor remains free to exercise his or

her independent professional judgment and an inmate is not entitled to any particular

course of treatment.")); Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir.1996) ("Medical

decisions that may be characterized as 'classic examples of matters for medical

judgment,' such as whether one course of treatment is preferable to another, are beyond

the [Eighth] Amendment's purview.")).  "Matters that traditionally fall within the scope

of medical judgment are such decisions as whether to consult a specialist or undertake

additional medical testing." Id.

      Accepting that Plaintiff's foot problems are serious enough to meet the objective

component of the test, Plaintiff still has not established a genuine issue of material fact

regarding whether any Defendants knowingly disregarded a substantial risk of harm to

Plaintiff.  Defendants saw Plaintiff repeatedly for pain in his feet; his feet were X-rayed

and visually examined; initial X-rays revealed no bone spur or other bone abnormality;

he was instructed to ice his feet and take Naprosyn for pain; he was encouraged to lose

weight; he was given cortisone injections,[10] he was instructed on stretches he could

---

[10] The Magistrate Judge found that Plaintiff received a cortisone injection for his left foot;
he was subsequently approved and scheduled for an injection on his right foot; he later
reported that the injection in his right foot provided him with relief and requested another
injection in his left foot, but Dr. Sutton declined to authorize the requested injection; and

perform to alleviate the pain; Defendant Sutton noted a loss of longitudinal arch and

requested an outside consultation so that Plaintiff could be evaluated for medical shoes

but the request was denied; Plaintiff was prescribed Neurontin; he received a diabetic

foot assessment; and he was recommended bilateral arch supports from the prison

canteen store.  Although Plaintiff continued to be treated for his feet, he reported

improvement following some of these measures.

Under the circumstances of this case, Plaintiff has not provided any support for his

contention that the measures taken to address his foot pain were not reasonable exercises

of each Defendant's medical judgment. Nor has he demonstrated that the care was

inadequate given his symptoms. Thus, Plaintiff has not raised a question of material fact

regarding whether Defendants acted with deliberate indifference to his medical needs.

Accordingly, exercising de novo review of Defendants' Motions for Summary

Judgment, the Court determines that summary judgment is appropriate for the

Defendants.  Specifically, the Court concludes that Plaintiff has not demonstrated that

there is a genuine issue of material fact that would preclude summary judgment in favor

of Defendant Sutton and the CFCC Defendants.  Summary judgment is appropriate as a

---

at a later visit, Dr. Sutton offered to address the foot pain with an injection, but Plaintiff
ultimately refused the injection.  In his Second Objection, Plaintiff contends that he only
received one cortisone injection in his left foot and never received any injection in his
right foot.  To the extent that Plaintiff raises a dispute regarding this issue, it is not a
dispute of material fact.  As discussed above, Defendants provided Plaintiff with ongoing
evaluation and treatment, and Plaintiff has not adduced support for the claim that
Defendants acted in knowing and reckless disregard to any risk of harm.

14

matter of law for all Defendants.  Thus, this Court ADOPTS the Recommendation of the

Magistrate Judge, GRANTS Defendant Sutton's Summary Judgment Motion, and

GRANTS the CFCC Defendant's Summary Judgment Motion.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Defendant Sutton's Motion for Summary Judgment (Doc. 93) is GRANTED;

2. CCFC Defendants' Motion for Summary Judgment (Doc. 94) is GRANTED;

3. Plaintiff's "Objection to the Limitation of Time Motion for a More Definite Statement" (Doc. 103.) is DENIED;

4. The Magistrate Judge's Recommendation (Doc. 114) is ADOPTED;

5. Plaintiff's "Request to Supplement Objection to Docket #114" (Doc. 118) is GRANTED IN PART and DENIED IN PART;

6. Plaintiff's "Plaintiff's Objection to Recommendation of United States Magistrate Judge Docket #114" (Doc. 119) is DENIED;

7. Plaintiff's "Plaintiff's Objection to Recommendation of United States Magistrate Judge Docket #114" (Doc. 120) is DENIED.


As this Order ends the litigation in this proceeding, the Court directs the Clerk to enter judgment accordingly.

Dated this ___26th___ day of _____March_, 2013.

BY THE COURT:


*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE

15