**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01695-DME-MEH

PEDRO NIVAL,

       Plaintiff,

v.

DR. JERE SUTTON, CCF HMO Provider,
JUDY BREZENDINE, CCCF Clinical Services Director,
LYNN THOMPSON, CCF Nurse Practitioner,
JANE DOE #1 (SANDY), JANE DOE #2 (MARY), and JANE DOE #3 (CHRISTIE),
NURSING STAFF, in their official and individual capacities,

       Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

Plaintiff Pedro Nival is a prisoner at the Crowley County Correctional Facility ("CCCF"). He initiated a pro se civil action against medical practitioners at CCCF (collectively, "Defendants"), claiming violations of his Eighth Amendment and Fourteenth Amendment rights in relation to the treatment of Plaintiff's foot problems. Plaintiff's second amended complaint ("Amended Complaint") (Doc. 37) asserts four causes of action against six Defendants in their official and individual capacities. Dr. Jere Sutton is a Defendant in this matter ("Defendant Sutton"). The other Defendants include five employees of the CCCF (collectively, "CCCF Defendants")—Judy Brezendine, CCF

Clinical Services Director; Lynn Thompson, CCCF Nurse Practitioner; and three nurses, identified as Jane Doe and by their first names: Sandy, Mary, and Christie.

This matter is before the Court on Plaintiff's motion for a preliminary injunction ("Preliminary Injunction Motion"). (Doc. 55.) In this filing, Plaintiff asks the Court to order Defendants to "provide [him] an opportunity to have his medical issues evaluated by . . . a [p]odiatrist." (Doc. 55 at 4.) The CCCF Defendants filed a response to Plaintiff's motion (Doc. 73), which argues that Plaintiff is seeking a mandatory injunction and has not satisfied his burden in regards to such an injunction.

This Court referred the matter to Magistrate Judge Michael E. Hegarty. After reviewing the matter, the Magistrate Judge concluded that Plaintiff has not made the requisite showing for the granting of an injunction and therefore recommended that Plaintiff's Preliminary Injunction Motion be denied ("Recommendation"). (Doc. 85.) Plaintiff filed objections to the Recommendation ("Objection") (Doc. 98) and Defendant Sutton moved to strike Plaintiff's Objection on the ground that it was not timely filed (Doc. 106).

Have reviewed the relevant materials, the Court DENIES Defendant Sutton's motion to strike Plaintiff's Objection, DENIES Plaintiff's Objection, ADOPTS IN FULL the Magistrate Judge's thorough and well-reasoned Recommendation, and DENIES Plaintiff's Preliminary Injunction Motion.

## ANALYSIS

When a party files an objection to the recommendation of a magistrate judge, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). After considering the objections, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In this case, as discussed below, the Court will treat Plaintiff's Objection to the Magistrate Judge's Recommendation as timely filed. And having reviewed Plaintiff's Objection and considered de novo whether it is appropriate to grant the requested injunction, the Court denies the Objection and accepts the recommended disposition of the Magistrate Judge.

**I.  This Court will Deny Defendant Sutton's Motion to Strike Plaintiff's Objection to the Magistrate Judge's Recommendation**

In this case, Plaintiff filed an Objection to the Magistrate Judge's Recommendation, but the parties dispute whether the document was timely filed. "The prison mailbox rule . . . holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005). The Tenth Circuit has held that the prison mailbox rule extends beyond

the filing of notices of appeal and "applies equally to an inmate's filing of a civil rights complaint." Id. The Tenth Circuit has "also applied the prison mailbox rule to a prison inmate's objections to a magistrate's report in a civil rights case." Id. at 1164 n.4.

Here, the Magistrate Judge granted Plaintiff's untimely request for additional time to file an objection to the Recommendation and extended the deadline to file an objection to August 25, 2012. But Plaintiff's Objection was not received by the court clerk until August 29, 2012. Defendant Sutton therefore moved to strike Plaintiff's Objection, arguing that the Objection was untimely filed. Specifically, Defendant Sutton argued that the Objection should be considered untimely for three reasons: (1) Plaintiff did not sign the filing until Saturday, August 25, 2012, which was the day the time for filing expired, meaning that it was impossible that the document could have reached the court within the timeframe; (2) the law librarian receiving the filing for mailing wrote an entry on the back of the envelope stating that the filing was received on August 27, which entry Plaintiff signed; and (3) the envelope is postmarked August 28, 2012.

Plaintiff filed an answer to Defendant Sutton's motion to strike the Objection, which asserted that Plaintiff "filed his Objection . . . on August 25, 2012, firmly within the time frame provided by the Court in its Order" by completing and signing the document, and giving the document to the law librarian for mailing. (Doc. 108 at 1.) Plaintiff claims that because mail was not delivered to the prison on Saturday, he gave the filing to the law librarian with the understanding that she would complete the mailing

process for the filing on Monday, August 27. Accordingly, he signed the back of the envelope, which she dated as having been received on August 27, 2012.

Under Fed. R. Civ. P. 6(a)(1)(C), "if the last day [of the time period for filing] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Given that the last day of the deadline was a Saturday; that Plaintiff asserts he gave the filing to the law library for mailing on Saturday, August 25; and that the law librarian dated the envelope August 27, which was the following Monday; this Court will accept Plaintiff's Objection and DENY Defendant Sutton's motion to strike the Objection.

## II.     This Court will Deny Plaintiff's Preliminary Injunction Motion

As mentioned previously, Plaintiff seeks a preliminary injunction requiring Defendants to "provide [him] an opportunity to have his medical issues evaluated by . . . a [p]odiatrist. (Doc. 55 at 4.) The Magistrate Judge considered Plaintiff's motion as a request for a mandatory injunction, which is subject to a heightened standard, and determined that Plaintiff had failed to demonstrate irreparable injury or a likelihood of success on the merits.

In Plaintiff's Objection to the Recommendation, he raises several objections but focuses on two main points. First, he emphasizes that he is proceeding pro se. Second, he claims that he has demonstrated that a preliminary injunction is warranted. In support of his second point, he argues that that Defendants' level of care was not consistent with his symptoms. He also argues that he has never had an appropriate diagnosis of his

condition and that therefore the treatment must necessarily be inadequate. In making these objections, he contends that he should be provided additional opportunity and aid in seeking evidence to his support his claim. He also urges the Court to call a podiatrist and ask about the requisite level of care.

Having carefully reviewed Plaintiff's Objection, the Court is not persuaded by Plaintiff's arguments. "As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Schrier v. Univ. of Co., 427 F.3d 1253, 1258 (10th Cir. 2005) (internal quotation marks omitted). Further, a mandatory preliminary injunction—such as the preliminary injunction requested by Plaintiff, which would require Defendants to take affirmative action to refer him to see a podiatrist—is a disfavored injunction that is subject to a heightened standard. See id. "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Id. (internal quotation marks omitted). The burden of meeting this heightened standard and establishing that an injunction is warranted falls on the moving party. See id.

Exercising de novo review of Plaintiff's request for a preliminary injunction, the Court concludes that Plaintiff has not met the high burden for demonstrating that the requested preliminary injunction is warranted. Specifically, for the reasons discussed more thoroughly in the Magistrate Judge's Recommendation, Plaintiff has not sufficiently demonstrated irreparable harm or a likelihood of success on the merits. Accordingly, this Court DENIES Plaintiff's Objection, ADOPTS IN FULL the

Recommendation of the Magistrate Judge, and DENIES Plaintiff's Preliminary Injunction Motion.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for a Preliminary Injunction (Doc. 55) is DENIED.

2. The Magistrate Judge's Recommendation (Doc. 85) is ADOPTED IN FULL;

3. Plaintiff's Objection to the Magistrate Judge's Recommendation (Doc. 98) is DENIED;

4. Defendant Sutton's Motion to Strike Plaintiff's Objection to the Recommendation of the Magistrate Judge (Doc. 106) is DENIED.


Dated this   26th   day of    March , 2013.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE